IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

IN RE:
LITTCO METALS, LLC

CHAPTER 7. CASE NO. 23-10069-SDM
ADV. PROCEEDING NO: 24-01024-SDM

JASON RICHARD LITTRELL AND
WILLIAM L. FAVA, TRUSTEE FOR
LITTCO METALS, LLC d/b/a LITTCO,
LLC, LITTCO METALS EQUIPMENT
LEASING, INC., AND LITTCO METALS
MANAGEMENT CO.

PLAINTIFFS

V.

NO: 1:25-CV-00025-GHD

TYLER BURGESS; TONIA ETOH;
INTERNATIONAL DEVELOPMENT
SERVICES, INC.; et al.

DEFENDANTS

## OPINION

Presently before the Court is the Defendants Byzfunder NY, LLC; Newco Capital Group IV, LLC; Steven Markowitz, Jr.; Samson, MCA, LLC; Cloudfund, LLC d/b/a Samson Group; and Prosperum Capital Partners LLC d/b/a Arsenal Funding's motion to change venue [42]. Thirteen of the remaining 17 Defendants have filed a Notice of Consent to Transfer Venue [44]. Two of the remaining 17 Defendants, MCA lender Wise Venture, LLC and its managing member, Mehandi Vakil, are in default. The two other remaining Defendants, Unique Funding Solutions, LLC and Yaakov Winograd, have filed a motion to sever [46].

The Plaintiffs have responded in opposition to the Defendants' motion to transfer venue. As described below, after considering the record and relevant legal authority, the Court finds that the Defendants' motion should be granted and this action transferred to the Eastern District of New

York. The remaining pending motions in this matter shall be transferred along with the case.

### *FACTUAL AND PROCEDURAL BACKGROUND*

This civil RICO action was originally commenced as an adversary proceeding in the United States Bankruptcy Court for the Northern District of Mississippi against 23 named defendants. On May 1, 2025, this Court withdrew the standing reference from the Bankruptcy Court, in effect transferring the case to this Court [6]. The Defendants now move to transfer this adversary action to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1404(a), based on mandatory forum selection clauses contained in the agreements underlying the Plaintiff's claims.

The subject agreements all contain near-identical language in their respective forum selection clauses. The clauses state that litigation related to the agreements "shall" be brought in one of the "Acceptable Forums," which are defined as "any court sitting in New York." [42-1, 42-2, 42-3, 42-4, 42-5]. The clauses further provide that the parties expressly waive any objections to jurisdiction or venue in New York and waive any right to oppose any motion made to transfer a proceeding to a New York court. Furthermore, the forum selection clauses provide that the parties, in signing the agreements, agree a New York court is convenient and that, therefore, they submit themselves to the jurisdiction of the subject New York court.

### *DISCUSSION*

#### Relevant legal standards

A motion to transfer venue based on a forum selection clause is governed by 28 U.S.C. §1404(a). The Supreme Court has held forum selection clauses are "given controlling weight in all but the most exceptional cases." *Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for Western Dist. of Texas*, 571 U.S. 49, 62-3 (2013) (holding "[w]hen the parties have agreed to a valid forum-

2

selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances *unrelated to the convenience of the parties* should a §1404(a) motion be denied.") (emph. added).

In *Atlantic Marine*, the Supreme Court held that a valid forum selection clause significantly alters the §1404(a) statutory analysis. Specifically, when a forum selection clause is at issue, "a court must determine whether (i) 'the forum-selection clause is mandatory or permissive,' (ii) 'the forum-selection clause is enforceable,' and (iii) "'*Atlantic Marine's* balancing test' of public interest factors" supports dismissal. *Ney v. 3i Grp., P.L.C.*, No. 21-50431, 2023 WL 6121774, at *4 (5th Cir. Sep. 19, 2023) (quoting *PCL Civ. Constructors, Inc. v. Arch Ins. Co.*, 979 F.3d 1070, 1073-74 (5th Cir. 2020)). Under this required analysis, the plaintiff's choice of forum merits no weight, private interest arguments are waived, and courts may consider only public-interest factors, which rarely defeat transfer. *Atl. Marine*, 571 U.S. at 63–64.

Moreover, in a case where a plaintiff defies a forum-selection clause, as in this case, the plaintiff "bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Atl. Marine*, 571 U.S. at 63. Specifically, the Fifth Circuit has held that the party resisting enforcement of a mandatory forum selection clause bears a "heavy burden of proof," which includes a "strong presumption in favor of the enforcement of mandatory [forum selection clauses]." *PCL Civil Constructors, Inc.*, 979 F.3d at 1074; *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008) (quoting *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997)).

<u>Analysis</u>

As for the first step in the Court's *Atlantic Marine* analysis, whether the subject forum-selection clauses are mandatory or permissive, forum selection clauses are mandatory if they

3

"clearly demonstrate the parties' intent to make that jurisdiction exclusive." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004)); *PCL Civ. Constructors, Inc*, 979 F.3d at 1073. A mandatory forum-selection clause "affirmatively requires that litigation arising from the contract be carried out in a given forum" by "contain[ing] clear language specifying that litigation must occur in the specified forum." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016).

Here, the subject Agreements all contain mandatory language, stating that litigation "shall" be brought in a court situated in New York, or "shall be instituted exclusively" in New York, and expressly waiving objections to jurisdiction or venue. The Agreements also affirmatively state that a New York court is convenient and that the parties submit to its jurisdiction. Thus, the Court holds that the subject forum selection clauses are mandatory.

The Court next must consider whether the subject forum selection clauses are enforceable. The Fifth Circuit has held that it applies "a strong presumption in favor of enforcing mandatory forum-selection clauses," which imposes upon the Plaintiffs in this case a high burden to make a "clear showing" that the subject agreements are not enforceable. *Al Copeland Invs., L.L.C. v. First Specialty Ins. Corp.*, 884 F.3d 540, 543 (5th Cir. 2018). The Plaintiffs may overcome this presumption only with "a clear showing that a forum-selection clause is 'unreasonable' under one of the following circumstances: (1) the incorporation of the forum-selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene a strong public policy of the forum state." *Id.* (quoting *Haynsworth*, 121 F.3d at 963).

4

As the Court previously noted, "[t]he party resisting enforcement on these grounds bears a 'heavy burden of proof' in seeking to overcome a forum selection clause. *Haynsworth*, 121 F.3d at 963 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972)). Here, the Court finds the Plaintiffs cannot meet this burden. As to the first factor, while the Plaintiffs do allege fraud on the part of the Defendants in this RICO case, the Plaintiffs do not allege fraud or overreaching specifically as to the forum selection clause. As the Fifth Circuit has made clear:

> [f]raud and overreaching must be specific to a forum selection clause in order to invalidate it. That is, The Bremen's exception for unreasonable fraud or overreaching does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud . . . the clause is unenforceable. Rather, it means that an arbitration or forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion."

*Haynsworth*, 121 F.3d at 963. Here, there is no evidence, and indeed no allegation, that the Defendants took any action to defraud the Plaintiffs specifically as to the forum selection clauses, and thus this factor weighs in favor of enforceability.

As to the second factor, the Court finds the Plaintiffs will not be deprived of their day in court if this case is moved to the Eastern District of New York. While the Plaintiffs have clearly indicated they prefer this venue to the Eastern District of New York, they will be fully capable of litigating their claims there just as they would litigate them here, and the Fifth Circuit has made clear that the "inconvenience of trying a case in one state versus another is insufficient to invalidate a forum-selection clause." *Hartash Constr., Inc. v. Drury Inns, Inc.*, 252 F.3d 436 (5th Cir. 2001); *Havard v. Offshore Specialty Fabricators, LLC*, No. 14-824 Section F, 2019 WL 6218648, at *4 (E.D. La. Nov. 21, 2019) (holding "[f]inancial hardship is not enough to render a prima facie valid forum selection clause unenforceable."). Accordingly, the Court finds the second factor weighs in favor of enforcement.

As to the third factor, the Plaintiffs do not argue that the law as applied in the Eastern

5

District of New York would be fundamentally unfair. In any event, even if that forum's precedents are less friendly to the Plaintiffs, a "chosen forum is not fundamentally unfair merely because its law is less generous than, or because the result might differ from that under, the forum state's law." *Noble House, L.L.C. v. Certain Underwriters at Lloyd's, London*, 67 F.4th 243, 251 (5th Cir. 2023) (quoting *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 308 n.14 (5th Cir. 2016)). As to the fourth factor, there is no argument that enforcement of the forum selection clauses will contravene a public policy of the forum state. Accordingly, the Court finds that the third and fourth factors weigh in favor of enforcement, as did the first and second factors. The court therefore concludes the forum selection clauses in this case are both mandatory and enforceable.

As for the third and final *Atlantic Marine* factor, "the existence of a mandatory, valid and enforceable forum selection clause means that we afford no weight to plaintiff's choice of forum and consider only the following public-interest factors: (1) administrative difficulties flowing from court congestion; (2) local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. Those factors justify refusal to enforce a forum-selection clause in 'truly exceptional cases.'" *Al Copeland Invs., L.L.C.*, 884 F.3d at 545. Ultimately, it is the Plaintiffs' "truly exceptional" burden to attempt to prove one of these points.

As to these public interest factors, in all but the most unusual cases, "the interest of justice is served by holding parties to their bargain." *Atl. Marine Const. Co.*, 571 U.S. at 66. Given that the Court has found a valid and enforceable mandatory forum-selection clause exists in this case, "[the Plaintiffs are] acting in violation of the forum-selection clause, [and] must bear the burden

6

of showing that public-interest factors overwhelmingly disfavor a transfer." *Id.* at 67. "Because public-interest factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases. Although it is 'conceivable in a particular case' that the district court 'would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause,'" those cases will not be common. *Id.* at 64 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30–31 (1988)).

The Plaintiffs argue two public-interest reasons why this case should not be transferred to the United States District Court of the Eastern District of New York. First, the Plaintiffs argue, without evidence, the Eastern District of New York's court docket may be more congested than the Northern District of Mississippi's. While the Plaintiffs are correct in asserting the population in the Eastern District of New York is greater than the population in this District, the number of federal judges in that District likewise is greater than in this District, and the Plaintiffs present no evidence whatsoever that docket congestion exists in that District. Accordingly, the Court assigns no weight to this argument. Second, the Plaintiffs point to the fact that they allege fraud in this RICO case, and they argue those allegations render the forum selection clauses unenforceable. As the Court has previously noted, however, the Plaintiffs do not allege fraud or overreaching *specifically* as to the forum selection clauses. Accordingly, the Court assigns no weight to this argument. Finally, the Plaintiffs argue that because a forum selection clause was not included in <u>one</u> of the initial documents the Plaintiffs signed with <u>one</u> of the Defendants, that the forum selection clauses themselves are invalid. This argument is likewise meritless. The subject forum selection clauses, which are written in plain language and are not obscured or hidden in any way, are contained in the "Revenue Purchase" Agreements and "Future Receipts Sale and Purchase" Agreements that the Plaintiffs argue repeatedly in their Second Amended Complaint and their

7

RICO Statement are the critical documents at the heart of this litigation. Accordingly, the Court assigns no weight to this final argument.

Accordingly, the Court finds that the circumstances alleged by the Plaintiffs do not rise to the level of "most unusual" or "extraordinary," as is required to deny a Section 1404(a) transfer. *Atl. Marine Constr. Co.*, 571 U.S. at 62–66. The Plaintiffs have failed to meet their burden of demonstrating that this is an unusual and uncommon case in which the public-interest factors overwhelmingly disfavor a transfer in the face of a forum-selection clause. Consequently, the Court holds that the forum-selection clauses require transfer of this case, under 28 U.S.C. § 1404(a), to the United States District Court for the Eastern District of New York. See, e.g., *In re Rolls Royce Corp.*, 775 F.3d 671 (5th Cir. 2014) (transferring case where no "exceptional circumstances" were present).

In sum, because the subject forum selection clauses are mandatory, valid, and applicable to the claims at issue—and because Plaintiffs cannot meet their heavy burden to demonstrate exceptional circumstances warranting departure from the contracted forum—transfer to the Eastern District of New York is both appropriate and required pursuant to Section 1404(a). Thus, the Defendants' motion to transfer venue shall be granted.[1]

## *CONCLUSION*

For the foregoing reasons, the Defendants' Motion to Change Venue [42] shall be granted,

---

[1] Based upon the Court's ruling that this matter should be transferred, the remaining pending motions, which are to dismiss and to sever, shall also be transferred.

and this adversary matter in its entirety shall be transferred to the Eastern District of New York.

An order in accordance with this opinion shall issue this day.

THIS, the 18th day of December, 2025.

_____
SENIOR U.S. DISTRICT JUDGE